# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00753-CV

**Susan Combs, in her official capacity as Texas Comptroller, and Greg Abbott, in his official capacity as Texas Attorney General, Appellants**

**v.**

**Texas Small Tobacco Coalition and Global Tobacco, Inc., Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. D-1-GN-13-002414, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

## O R D E R

On November 15, 2013, the trial court issued an injunction in favor of Texas Small Tobacco Coalition and Global Tobacco, Inc., appellees and plaintiffs below, declaring a statute to be unconstitutional. The State appealed, and on January 9, 2014, appellees filed in the trial court a Motion for Hardship Exemption from Payment of Unconstitutional Tax During State's Appeal, asking the trial court to grant them a hardship exemption from the requirement that they continue to pay the disputed taxes during the appeal and asserting that if they are required to continue paying the disputed tax, they will in all likelihood be driven out of business in Texas. The State opposed the motion, arguing that the trial court's plenary power had expired and that the court thus had no jurisdictional basis to award the requested relief. The trial court heard the motion and, on February 12, 2014, signed an order dismissing appellees' motion for lack of jurisdiction. Appellees have filed a motion asking this Court to review the trial court's determination that it had no

jurisdiction to consider the motion for a hardship exemption. Appellees argue that because the trial court retains the authority to set and adjust a supersedeas bond while the appeal is pending, *see* Tex. R. App. P. 24.2, the court had the authority to use that power, in conjunction with section 112.108 of the tax code, to "deny[] the State's supersedeas." *See* Tex. Tax Code § 112.108. They ask us either to enter an order under section 112.108 excusing them from paying the disputed taxes during the pendency of the appeal or to direct the trial court to determine their motion on the merits.

If the State appeals from a trial court's ruling under the tax code, the taxpayer must continue to pay taxes under protest as the taxes become due during the appeal. *Id.* § 112.057(a). In subchapter C of the tax code, which governs a suit for an injunction prohibiting the assessment or collection of a tax, section 112.108 states that a trial court may not issue relief related to the constitutionality of a statute other than a restraining order or injunction issued under subchapter C. *Id.* § 112.108. Section 112.108 further states that:

> after filing an oath of inability to pay the tax, penalties, and interest due, a party may be excused from the requirement of prepayment of tax as a prerequisite to appeal if the court, after notice and hearing, finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts.

*Id.* It is upon that provision that appellees relied before the trial court and upon which they rely here in asking this Court to review the trial court's decision. However, appellees did not seek to avail themselves of that provision while the trial court still had plenary power to act.[1]

---

[1] A trial court retains plenary power for thirty days after (1) it signs a final judgment or (2) the overruling, whether by order or by operation of law, of a timely postjudgment motion that operates to extend the court's plenary power. *See* Tex. R. Civ. P. 329b. Even after its plenary power expires, the trial court retains jurisdiction to make orders related to supersedeas under rule 24 of the rules of appellate procedure. *See* Tex. R. App. P. 24.3(a).

Here, the trial court signed the final judgment on November 15, 2013, and because no relevant postjudgment motions were filed, its plenary power expired thirty days later. Appellees filed their motion for a hardship exemption on January 9, 2014. Appellees did not seek relief pursuant to a proper motion under rule 24, which governs how a judgment debtor may supersede the trial court's judgment by posting a bond or other security. *See* Tex. R. App. P. 24.1, 24.2.[2] Instead, they relied on section 112.108's hardship exemption but asserted that the trial court should consider that provision to be akin to rule 24 and, thus, exercise jurisdiction under its rule 24 power.

As the trial court explained, rule 24 does not include a hardship exemption and instead provides a limited exception to the general rule that trial courts lose plenary power thirty days after signing a final judgment or overruling a postjudgment motion and applies only when a party properly invokes the trial court's authority under rule 24. Section 112.108 does not implicate rule 24, and appellees did not file a motion that could give the trial court extended power under that rule. We agree with the trial court that appellees' motion "pleads itself out of jurisdiction by arguing a basis that cannot be considered and requesting relief the court cannot grant." The trial court did not err in determining that it lacked jurisdiction to consider appellees' motion.

As for appellees' request that we consider the merits of their motion for a hardship exemption, we agree with the State that a request for an exemption under section 112.108 must be

---

[2] Rule 24.2 governs how the amount of security is determined and provides that in a suit for recovery of money, the amount of supersedeas may not exceed 50% of a judgment debtor's current net worth. *See id.*, R. 24.2(a)(1)(B). In a suit for something other than money or property, the amount of security must adequately protect the judgment creditor's interests, and the trial court may decline to allow the judgment to be superseded if the judgment creditor posts security that will protect the judgment debtor's interests. *Id.* R. 24.2(a)(3).

heard by the trial court.  As the State observes, the language used in section 112.108 shows that a hardship exemption must be sought from the trial court.  *See* Tex. Tax Code § 112.108 (party may be excused from prepayment of tax during appeal if "*the court, after notice and hearing*, finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts," and "[t]he court may grant such relief as may be reasonably required by the circumstances" (emphasis added)).[3]  We cannot step into the shoes of the trial court, hold a hearing, and consider the merits of a motion under section 112.108.[4]  Our power related to the suspension of a judgment on appeal is generally limited to reviewing a trial court's decision on a motion related to supersedeas under rule 24.  *See* Tex. R. App. P. 24.4.  Therefore, we deny appellees' request that we determine the merits of their section 112.108 motion.

---

[3] Throughout chapter 112, "the court" refers to the trial court hearing a taxpayer suit; it never refers to an appellate court.  *See* Tex. Tax Code §§ 112.001 (Travis County district courts have exclusive, original jurisdiction over taxpayer suits under chapter 112), .053(c) (original petition in taxpayer suit is filed "with the court"), .056 (amended petition does not "prevent the court from exercising its power to consolidate or sever suits and claims"), .1011 ("[a] court may not issue" restraining order or injunction unless taxpayer satisfies certain requirements, and "the court" shall determine whether complained-of taxes are due to State), .105 (if taxpayer violates chapter 112, subchapter C, State may file affidavit explaining violation, and "clerk of the court shall give notice to the [taxpayer] to appear before the court to show cause" why order or injunction should not be dismissed; if during hearing court finds that taxpayer failed to comply with subchapter C, "the court shall dismiss" the application and dissolve injunction), .151 (explaining what must be attached to original petition for refund and stating that petition and documents are "filed with the court").

[4] It is not for this Court to effectively rewrite a statute based on appellees' assertions that they did not have the required information to seek a hardship exemption until after the time to file the motion had run.  Such a decision must be made by the legislature.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field
  Dissenting Opinion by Justice Field

Filed:   April 25, 2014

5